Argued August 26, appeal dismissed September 13, reconsideration denied September 24, petition for review denied November 9, 1976

ANDERSON, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Appellant.*
(No. A-76-03-03864, CA 6441)
554 P2d 567

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Sidney A. Galton,* Portland, argued the cause for respondent. With him on the brief was Galton & Popick, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

In this workmen's compensation proceeding, the referee and Workmen's Compensation Board found claimant to have a temporary total disability. Twenty-five percent additional amounts were assessed pursuant to ORS 656.262(8) for unreasonable delay in payment of benefits pending appeals, but the State Accident Insurance Fund (the Fund) was not required to pay the additional amounts pending appeal.

Upon appeal, the circuit court affirmed the awards, but ordered that the additional amounts must be paid pending appeal, *but see, Reed v. Del Chemical,* 26 Or App 733, 554 P2d 586 (1976).

The Fund appeals that portion of the order regarding payment of additional amounts pending appeal. It does not challenge the determination of disability. It concedes that the order to pay an additional amount of 25 percent is correct. It acknowledges that the claimant asks for no additional amounts for failure to pay the additional amounts which have already been ordered.

The claimant's position boils down to a well-founded uncertainty as to what this appeal is about.

Since there is no appeal on the merits and since the Fund must pay and the claimant will receive the same amount whether we affirm or reverse that portion of the order appealed from, the appeal is dismissed as moot. ORS 19.125(2).

Appeal dismissed.